**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ORELVY CARRERO GOMEZ,** *Petitioner*, v. **TODD BLANCHE,** U.S. Attorney General; **MARKWAYNE MULLIN,** Secretary of Department of Homeland Security; **WARDEN OF ICE ERO CAMP EAST MONTANA,** ***Respondents*.** | § § § § § § § § § § § § | **EP-26-CV-00749-DCG** |

**ORDER REQUIRING RESPONDENTS TO RESPOND TO PETITION**

Petitioner Orelvy Carrero Gomez ("Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] The Court previously ordered Respondents to show cause why the Court shouldn't grant the Petition.[2] Respondents, however, didn't substantively respond to the Petition. Instead, they asserted that the Court doesn't have jurisdiction over this case—ostensibly, because the Government transferred Petitioner outside of this District on March 7, 2026, and before the Petition was docketed on March 16, 2026.[3]

---

[1] *See generally* Pet., ECF No. 1.

[2] *See* Order Show Cause, ECF No. 3.

[3] *See* Resp'ts' Resp. & Transfer Request, ECF No. 8, at 2; *see also* Pet. at 1 (indicating that the Clerk of Court stamped the Petition "FILED" on March 16, 2026).

*See also Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004) (citation modified) (explaining that a habeas petitioner must file their petition in their "district of confinement" (citing *Al-Marri v. Rumsfeld*, 360 F.3D 707, 710, 712 (7th Cir. 2004))).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

The Petition, however, was mailed on March 4, 2026.[4] Under the "mailbox rule," that is the date that the Petition is deemed "filed" for the purposes of this case.[5] And as of that date, Petitioner was still detained at ERO Camp East Montana in El Paso, Texas.[6] The Court therefore has jurisdiction.[7]

Having determined that jurisdiction is proper, the Court would like to know Respondents' positions regarding the arguments that Petitioner raises in his Petition. The Court therefore **ORDERS** that, **by September 22, 2026**, Respondents must substantively **RESPOND** to the Petition. That response must identify each factual allegation contained in the Petition that Respondents dispute.

---

[4] *See* Certificate of Service, ECF No. 1, at 11 (indicating that the Petition was placed in the mail on March 4, 2026).

It appears from the Petition's Certificate of Service that someone other than Petitioner mailed the Petition on his behalf. *See id.* at 11 (indicating that an individual named "Yarenis Vila" certified that they mailed the Petition on March 4, 2026). The Petition, however, appears to be signed and verified by Petitioner, *see* Pet. at 9–10, and he has personally mailed his subsequent filings. *See, e.g.*, Pet'r's Reply, ECF No. 15, at 4 (reflecting that Petitioner's reply was mailed from Bluebonnet Detention Facility, where he is being detained). It therefore appears that Petitioner is litigating the Petition on his own behalf, and the Court needn't consider whether Yarenis Vila has standing to proceed as Petitioner's next friend in this case. *Cf. Yusif ex rel. Bortey v. Blanche*, 835 F. Supp. 3d 822, 824 (W.D. Tex. 2026) (explaining the requirements for next friends to litigate on someone else's behalf).

[5] *See, e.g.*, Order Denying Motion to Dismiss and Requiring Response to Motion for Temporary Restraining Order at 1–3, *Velazquez Cornero v. Venturella*, No. 3:26-CV-01366 (W.D. Tex. June 5, 2026), ECF No. 22 (Guaderrama, J.) [hereinafter *Velazquez Cornero* Order] (explaining the application of the "mailbox rule" in cases like this one).

[6] *See* Pet. at 1, 9 (indicating that, as of March 4, 2026, the Government was detaining him at "ERO El Paso Camp East Montana" in "El Paso, Texas").

[7] *See, e.g.*, *Velazquez Cornero* Order at 1–3.

Given that Petitioner challenges his post-removal-order detention,[8] the Court further **ORDERS** Respondents to indicate:

(1) the country to which Respondents currently plan to remove Petitioner;

(2) whether that country has agreed to accept Petitioner;

(3) whether Petitioner's removal to that country depends on him accepting removal to that country; and

(4) the specific timeframe in which Respondents expect to effect Petitioner's removal.

If Respondents argue that 8 U.S.C. § 1231(a)(1)(C) authorizes Petitioner's detention, the response must also:

(1) **ADDRESS** how Petitioner has acted to prevent his removal within the meaning of 8 U.S.C. § 1231(a)(1)(C); and

(2) **ATTACH** as exhibits:

(a) evidence sufficient to identify the conduct that the Government argues allows it to invoke 8 U.S.C. § 1231(a)(1)(C) here;

(b) a copy of any Notice of Failure to Comply with Removal that the Government issued to Petitioner; and

(c) proof that the Government served the Notice of Failure to Comply with Removal on Petitioner.

The Court **DENIES** Respondents' jurisdiction-related request to transfer this case to the Northern District of Texas.[9]

The Clerk of Court **SHALL SUBSTITUTE**:

(1) Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, in Former Secretary Kristi Noem's place; and

---

[8] *See generally* Pet.

[9] *See* Resp'ts' Resp. & Transfer Request at 2.

(2) Todd Blanche, U.S. Attorney General, in former Attorney General Pamela Bondi's place

as named Respondents in this case.[10]

Finally, the Clerk **SHALL MAIL** a copy of this Order to Petitioner at the following address:

Orelvy Carrero Gomez
Bluebonnet Detention Facility
400 2nd Street
Anson, Texas 79501

**So ORDERED and SIGNED this 15th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[10] *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").